## Zuraw, Appellant, v. Hammermill Paper Company.

*Negligence—Master and servant—Safe place to work—Manifest danger—Assumption of risk—Nonsuit.*

In an action for damages for personal injuries a nonsuit is properly entered where it appears that the plaintiff had been employed for over two months as one of a gang of men working at night in unloading pulp wood from flat cars into a shed at defendant's plant, in which operation it was necessary for the gang to push the empty cars out of the shed by hand; that in the course of the work, the floor on either side the tracks became littered with bark and rubbish, which was cleaned up from time to time so as not to obstruct the track; that the space between the cars and the shed was very narrow and not a fit place to walk, and not intended or suffered by the defendant to be used for that purpose; and that the plaintiff, when he tripped on the rubbish and was injured by the wheels of a car which was being pushed out was around in front of the car and on the side next to the shed.

Argued April 25, 1911. Appeal; No. 267, Jan. T., 1910, by plaintiff, from order of C. P. Erie Co., Nov. T., 1908, No. 131, refusing to take off compulsory nonsuit in case of Martin Zuraw, by his next friend, John Maras, v. Hammermill Paper Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART amd MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries.

The facts appear in the opinion of WALLING, P. J., discharging rule to take off nonsuit, as follows:

Plaintiff was employed by defendant as one of a gang of men engaged in unloading pulp wood from flat cars into a shed at defendant's plant. He worked nights, and at the time of the accident the men had unloaded one car and pushed it out and were pushing a loaded car in, when plaintiff's foot was caught under a car wheel and crushed. The witnesses spoke through an interpreter, and the facts were not perfectly developed.

There was no faulty construction; the building or shed, where the wood was unloaded, was all right, and so was the track and the car; and the place was lighted by electricity.

The car, when in place to be unloaded, came close to the shed, and in throwing off the wood pieces of bark and wood would drop down between the car and shed, and from time to time were cleared up by the workmen, perhaps under the direction of the foreman. When the said loaded car was being pushed in there was some such rubbish lying in there, and plaintiff claims to have stepped on it and slipped under the wheel.

Plaintiff was over seventeen years old and had been working at the same work and same place for two and one-half months. He had helped to push out and in and unload over 100 cars, and knew about such rubbish accumulating there, and could have seen it had he looked. Plaintiff, when hurt, was around in front of the car, and on the side next to the shed. In fact he was in between the front end of the car and the shed. He was not in sight of the boss and was not told by anyone to go in where he was.

The men were directed to push the car in, but he was not where he could assist much of any to that end. Manifestly the men should have kept to the rear of the car or on the outside and not between it and the shed. The immediate work was pushing the car, and plaintiff had a safe place to assist at that, either in the rear or on the outside, and the defendant was not bound to anticipate that

plaintiff would voluntarily put himself in a dangerous place between the car and shed, when the car was in motion, and having a safe place in which to work, the defendant is not liable because plaintiff voluntarily took an unsafe place.

The very narrow space between the shed and car was not a fit place to walk, even when free from rubbish; and there is nothing to show it was intended or suffered by defendant to be used for that purpose. And when the car was in position to be unloaded, the bark and other rubbish between it and the shed added nothing to the danger of the workmen engaged in transferring wood from the car to the shed. The rubbish was cleaned up from time to time so as not to obstruct the track.

I see no particular instruction that a young man would need in the work of throwing wood from a flat car into a shed, or in pushing a car. It was certainly not necessary to warn him that if he got his foot under a car wheel it would be hurt, and besides, he had been employed there long enough to fully understand the situation. It was a most distressing accident, but in our opinion was not caused by any default on part of defendant.

And now, March 28, 1910, the rule to take off nonsuit in above stated case is discharged.

*Error assigned* was refusal to take off nonsuit.

*Chas. P. Hewes,* for appellant.

*W. P. Rossiter,* of *Rossiter & Thompson,* with him *John Hampton Barnes* and *Louis Rosenzweig,* for appellee.

PER CURIAM, July 6, 1911:

The judgment is affirmed on the opinion of Judge WALLING.